JERRY E. SMITH, Circuit Judge,
dissenting from the denial of rehearing en banc:
This court should not decide cases for undisclosed reasons or determine dispositive issues sub silentio. Because this panel has done both, I respectfully dissent from the denial of rehearing en banc. I dissent also because Smith v. Xerox Corp., 602 F.3d 320 (5th Cir.2010), is wrongly decided and presents a question of exceptional importance in employment law. This case is a good vehicle for fixing that mistake.
I.
In its initial brief on appeal, the employer, University of Texas Southwestern Medical Center (“UTSW”), squarely raised the following issue: “The district court reversibly erred in instructing the jury based on a theory of mixed-motive retaliation.” Counsel fulfilled his duty of candor as an officer of the court by acknowledging the following:
The Medical School prefaces this argument by conceding that this Court’s majority opinion in Smith v. Xerox Corporation, 602 F.3d 320 (5th Cir.2010), held that a mixed motive framework can be appropriate for a Title VII retaliation claim. The Medical School respectfully disagrees with Smith and desires to reserve this point for further review, realizing that a panel of this Court cannot overturn Smith.
That acknowledgement was followed by several paragraphs of argument.
In his brief, the employee, Naiel Nassar, asserted that “UTSW’s jury charge complaint has been waived.” He supported that contention with a full page of argument that the objection was not timely and adequately raised. In its reply brief, UTSW refuted the waiver claim in a footnote.
Issue was thus properly joined on whether UTSW waived its objection to the mixed-motive charge. Despite having been presented with the waiver question, however, the panel ignored it, dispensing with the mixed-motive issue on the merits in a footnote that observed only that the issue was foreclosed by Smith. See Nassar v. Univ. of Tex. Sw. Med. Ctr., 674 F.3d 448, 454 n. 16 (5th Cir.2012). There is no way to tell — because the panel does not say — whether it (1) overlooked the waiver question or (2) decided there was no waiver and therefore addressed the merits or (3) determined that waiver did not matter because the substantive issue was foreclosed by Smith.
UTSW filed a petition for panel rehearing and a petition for rehearing en banc. At the court’s direction, Nassar filed a response to the en banc petition in which, in two pages, he once again claimed that “UTSW’s jury charge complaint has been waived.” UTSW obtained leave to reply and, in three pages, explained its view that there was no waiver.
In its order denying panel rehearing and rehearing en banc, the panel gives no clue whether it has even considered the thoroughly briefed waiver claim. That remains a secret. To her credit, Judge Elrod now takes a position on the waiver *213 question, stating in a panel concurrence that she views the issue as having been waived and that that is the reason she opposes en banc rehearing. The rest of the panel is silent.
Judge Elrod says that the reason the panel opinion did not address waiver was that it “was not necessary” because the question is foreclosed anyway. That is not completely accurate. The reason the panel needed (and still needs) to decide waiver is that UTSW specifically announced its desire to preserve the mixed-motive issue “for further review,” meaning review by the en banc court (which could and should overrule Smith) or by the Supreme Court (which could do the same). Because UTSW is not entitled to raise a waived claim — even just to preserve it — it very much matters whether there was waiver, and both Nassar and UTSW are entitled to have this court decide the waiver question. For whatever reason, however, the panel has declined that opportunity, and the court has unwisely rejected the request to rehear the case en banc.
Even in the wake of a failed en banc poll, the waiver issue can be fixed. The panel is presented with a petition for panel rehearing and could use that vehicle to deny panel rehearing but, in the process, to declare whether the issue was waived or whether, instead, UTSW has preserved it “for further review.” The panel does not explain why it declines that opportunity.[1]
II.
The panel decision in Smith should be overruled. It' is an erroneous interpretation of the statute and controlling caselaw and created an unnecessary circuit split. The problems wrought by the Smith panel majority are convincingly explained in Judge Jolly’s panel dissent, to which I defer. See Smith v. Xerox Corp., 602 F.3d 320, 336-40 (5th Cir.2010) (Jolly, J., dissenting). Unfortunately, shortly after the *214 panel issued its majority opinion and dissent, and before a petition for en banc rehearing was filed, the parties settled. That mooted the case and deprived the en banc court of the chance to correct the error in the panel’s misapplication of Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).
This court’s refusal now to reconsider Smith en banc is confounding. We will never know — because the court does not say — whether that refusal is because the waiver issue is seen as distracting from the en banc worthy mixed-motive question. In any event, the failure to take the case en banc is serious error from which I respectfully dissent.

. I respectfully part company with Judge Elrod’s careful conclusion that UTSW waived the mixed-motive issue. At least, UTSW presents a strong argument for why it was not waived.
As UTSW points out, under Federal Rule of Civil Procedure 51(b) and (c), an objection to a jury instruction is properly made and preserved by presenting it to the district court on the record, before the instructions are read to the jury, and before closing arguments. UTSW did so. It notified the district court of its objection to the mixed-motive instruction before the jury charge and arguments. The court then resolved UTSW’s objection on the record.
instruction, UTSW emphasized its objection to a mixed-motive instruction by including a detailed presentation on the conflicting state of the law, citing authority supporting a but-for causation standard. Having lodged that objection, UTSW’s attorneys, as officers of the court, also complied with Smith by tendering a jury instruction that treated but-for causation as an affirmative defense.
UTSW raised its objection during both portions of the charge conference. During the first portion, on Friday, it argued that “the plaintiff must show that [retaliation] is the sole motive of the defendant.” The court then acknowledged that UTSW took "the position it’s a but-for” standard and that, if a mixed-motive analysis were not the correct state of the law, the mixed-motive instruction the court later gave to the jury would be incorrect.
The parties further considered the issue during the continuation of the charge conference on Monday. Although the court questioned whether the issue had been raised during the Friday conference, the court ruled on the merits, not on waiver, and relied on this court's analysis in Smith.
The waiver question is not by itself worthy of en banc consideration. The main point now is not whether there was waiver, but whether the panel should have addressed it. I present UTSW’s arguments opposing waiver for the purpose of showing that it is a substantial, threshold question that the panel should have decided — and still has the option to decide — one way or the other.